FILED
VANESSA L. ARMSTRONG, CLERK

JUL 13 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:17CR-3-JHM

DANIEL L. COUCH  DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Daniel L. Couch, and his attorney, Sharon L. Potter, Esq., have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 30, United States Code, Section 820(f) and additionally with a violation which will be dismissed as part of this agreement; namely, Title 18, United States Code, Section 1001(a)(2).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

On or about May 17, 2016, in the Western District of Kentucky, Muhlenberg County, Kentucky, Daniel L. Couch, knowingly made false statements in a record required to be

maintained at a coal mine; namely examination records on electrical equipment at Paradise #9 Mine.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 5 years, a maximum fine of $250,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other

evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      C.     At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    7.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts set forth in the factual basis in Paragraph 3 above and further admits that those facts meet the essential elements of the indictment count to which he pleads guilty.

    8.     The parties agree that restitution is not applicable in this case.

    9.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office by the date of sentencing.

    10.    At the time of sentencing, the United States will:

      -move for dismissal of Count 2 of the Indictment.

      -agree that a sentence of 2 years probation is the appropriate disposition of this case.

      -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

---

1. The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed

-agree that a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, and for purposes of the disposition outlined in this plea agreement, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| 6 | Base Offense Level. U.S.S.G. §2B1.1 (a)(2) |
| + 2 | Obstruction. U.S.S.G. §3C1.1 |
| +2 | Abuse of Position of Trust. U.S.S.G. §3B1.3 |
| 10 | Base Offense Level |
| - 2 | Acceptance of Responsibility. U.S.S.G. §3E1.1 |
| 8 | Final Offense Level. |

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

---

and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. The Defendant agrees there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

13.     If the Court refuses to accept this agreement and impose sentence of two years probation or dismiss Count 2 according to the United States' motion, pursuant to Fed. R. Crim. P. 11(c)(1) (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

14.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach]

15.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____   7-13-2017
Randy Ream                         Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____   7-13-2017
Daniel L. Couch                    Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____   7/13/17
Sharon L. Potter, Esq.             Date
Counsel for Defendant

_____   7-13-17
Mark E. Heath, Esq.                Date
Counsel for Defendant

JEK:rr:7/12/2017

6